IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI,                           :
                                         :
           Plaintiff,                    :  CIVIL NO. 3:CV-06-1833
                                         :
     vs.                                 :  (JUDGE VANASKIE)
                                         :
SECRETARY OF NAVY, et al.,               :
                                         :
           Defendants.                   :


M E M O R A N D U M

Kevin Razzoli filed this civil rights action on September 18, 2006, while confined at the

Lackawanna County Prison, located in Scranton, Pennsylvania.  Since then he has been

transferred several times, and is currently held at the Federal Transfer Center in Oklahoma

City, Oklahoma.  Named as Defendants are three distinct groups.  The first group consists of

Federal employees and includes the Secretary of the Navy, former United States Attorney

General Gonzalez, and United States Parole Commission and Probation Office employees.[1]

Also named as Defendants are the Lackawanna County Defendants – the Prison and its

warden, Janine Donate.  The final group of Defendants are the City of Scranton Police

---

[1]  Pursuant to a Memorandum and Order issued on March 29, 2008, the Federal
Defendants in this matter were either dismissed or granted summary judgment.  (Dkt. Entry 92.)
Razzoli filed an appeal from this decision, which was dismissed for failure to prosecute based
upon the failure to pay the filing fee as directed by the United States Court of Appeals for the
Third Circuit.  (Dkt. Entry 97.)

Department and Scranton Police Officer Dennis Lukasewicz.  The claims presented by Razzoli relate to his arrest by the Scranton Police Department following his fourth release on parole, his resulting confinement in the Lackawanna County Prison, and the subsequent revocation of his parole by the United States Parole Commission.  Presently pending are a motion for summary judgment filed by the Scranton Police Defendants (Dkt. Entry 66) and several filings submitted thereafter by Plaintiff that are premised upon the assertion that Defendants are in default in this action (Dkt. Entries 74, 78, 82 and 88.)

I.    Allegations in the Complaint

While the complaint is certainly not a model of clarity, the Court construed Razzoli's filing liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and set forth the allegations contained therein in the Memorandum and Order issued on March 29, 2008.  The majority of the claims pertain to the Federal and Lackawanna County Defendants.  As such, they will not be repeated here.  Only those allegations relating to the Scranton Police Defendants are relevant for purposes of addressing the motions currently before the Court for consideration.

In the complaint, the only allegation set forth against the Scranton Police Defendants is that they obtained an arrest warrant pursuant to 18 Pa. C.S. § 3926(a)(4), a statute that Razzoli contends does not exist.  He claims that he was unable to find the statute in the law books at the Lackawanna County Prison.

II.    Summary Judgment Standard

_____Summary judgment will be granted if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  In considering a summary judgment motion, inferences from the underlying facts must be viewed in the light most favorable to the non-moving party.  P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006).

Rule 56(c) imposes a burden on the moving party to point to an absence of evidence supporting the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met this burden, the burden then shifts to the non-moving party. The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading." Saldana, 260 F.3d at 232.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. Id. Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).  Allegations made without

3

any evidentiary support may be disregarded.  Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000).

The court may not consider evidence on a motion for summary judgment that would not be

admissible at trial.  Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 n.13 (3d Cir.

1999).  Summary judgment must be entered in favor of the moving party "[w]here the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party."

Matsushita, 475 U.S. at 587 (citations omitted).

III.     Discussion

_____In moving for summary judgment Defendants adopt and incorporate the Statement of

Undisputed Facts previously submitted by the Federal Defendants in support of their Motion for

Summary Judgment.  (Dkt. Entries 37, 38.)  The relevant facts, for purposes of the instant

motion are as follows.  Razzoli has been released on parole on several occasions.  Each time,

he violated the conditions of parole, and parole was subsequently revoked.

He was last paroled on or about July 27, 2006, to the Middle District of Pennsylvania.

Several days later, on July 31, 2006, he violated parole conditions.  (Id., Ex. 3, 8/4/06 letter and

Criminal Compl.)  Defendant Lukasewicz of the Scranton Police Department prepared an

Incident Investigation Report, and issued a Criminal Complaint charging Razzoli with a violation

of 18 Pa. C.S. § 3926(a)(4), which covers "Theft of Services."  (Id., Ex. 3, Attach. 1.)  According

to the police report, Razzoli stayed at the Hilton Hotel in Scranton for two nights and incurred a

hotel bill of $340.52 for the room, food and telephone services.  He thereafter left the hotel

without paying the bill.

On August 7, 2006, the United States Parole Commission issued a warrant for Razzoli's arrest.  (Id., Exs. 4,5) On August 9, 2006, he ultimately pleaded guilty in Lackawanna County Central Court to Disorderly Conduct, and was sentenced to time served and costs. He remained detained on the parole violations. (Id., Ex. 7.)

Razzoli's sole claim against the Scranton Police Defendants is that he was arrested for a violation of 18 Pa. C.S. § 3926(a)(4), a statute he claims does not exist.  Defendants maintain that they are entitled to summary judgment in that the claim is barred by the Doctrines of Res Judicata and/or Collateral Estoppel.  In addressing this claim, the Court takes judicial notice of a prior habeas corpus action filed by Razzoli in this Court, raising the claim that he was arrested by the Scranton Police Department pursuant to a false statute, specifically 18 Pa. C.S. §3926(a)(4).  This Court denied his claim on the merits, and this decision was later affirmed. See Razzoli v. U.S. Navy, 248 Fed. Appx. 473, 474 (3d Cir. 2007)(finding that "Razzoli's claim that he was illegally arrested pursuant to a statute that does not exist is without merit.  Razzoli was arrested for a violation of 18 Pa. C.S. § 3926(a)(4), a statutory section which has been in effect since 1973 and was amended in 1995.")

Razzoli responds to Defendants' summary judgment motion by submitting several filings in which he argues that the Scranton Police Defendants are procedurally barred from pursuing summary judgment because they failed to present a timely response to the complaint and have

therefore defaulted.[2]  Razzoli's argument is without merit, and his motions in regard thereto will be denied for the following reasons.

Razzoli has previously raised his contention that the Scranton Police Defendants were in default.   In this Court's Memorandum and Order of March 29, 2008 (Dkt. Entry 92), Razzoli's argument that the Scranton Police Defendants had defaulted was thoroughly addressed and denied.  (Id. at 8-10.)  Although Razzoli filed an appeal from this Memorandum and Order to the Third Circuit, he did not raise this issue.  Further, as previously stated, the Third Circuit dismissed his appeal from the Memorandum and Order of March 29, 2008, on the basis of failure to timely prosecute.  Thus, the issue of whether Defendants have defaulted has been addressed and decided.  Razzoli cannot now attempt to rely on any such previously rejected argument in opposing Defendants' motion for summary judgment.

Razzoli's claim against the Scranton Police Department is clearly barred under the doctrine of collateral estoppel.  Collateral estoppel precludes parties from litigating an issue previously resolved in a prior judicial proceeding and "serves the twin purposes of protecting litigants from assuming the burden of re-litigating the same issue with the same party, and promoting judicial economy through preventing needless litigation." McNeil v. Owens-Corning

---

[2] Razzoli has filed the following motions in which he asserts this position: Motion for Declaratory Judgment (Dkt. Entry 74); Motion for Sanctions (Dkt. Entry 78); Motion for Lien and Seizure of Assets to Satisfy Default and Sanctions (Dkt. Entry 82); and Motion for Injunctive Relief (Dkt. Entry 88).

Fiberglas Corp., 680 A.2d 1145, 1148 (Pa. 1996); see Peloro v. United States, 488 F.3d 163, 174-75 (3d Cir. 2007).  As a general rule, collateral estoppel applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n, 288 F.3d 519, 525 (3d Cir. 2002).  After the issue has been resolved by a court, that court's "determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Id.

The legality of Razzoli's arrest having been adjudicated previously, it follows that the Scranton Police Defendants' motion for summary judgment must be granted.  An appropriate Order follows.

s/ Thomas I. Vanaskie_____
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI,                          :
                                        :
            Plaintiff,                  :    CIVIL NO. 3:CV-06-1833
                                        :
      vs.                               :    (JUDGE VANASKIE)
                                        :
SECRETARY OF NAVY, <u>et al.</u>,              :
                                        :
            Defendants.                 :

## O R D E R

NOW, THIS 17th DAY OF SEPTEMBER, 2008, in accordance with the

accompanying Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The motion for summary judgment filed by the Scranton Police Defendants
      (Dkt. Entry 66) is granted.  Summary judgment is granted with respect to all
      claims set forth against the Scranton Police Department and Officer
      Lukasewicz.

2.    Plaintiff's Motion for Declaratory Judgment (Dkt. Entry 74), Motion for
      Sanctions (Dkt. Entry 78), Motion for Lien and Seizure of Assets (Dkt. Entry
      82), and Motion for Injunctive Relief (Dkt. Entry 88) are denied.

3.    With regard to the remaining Defendants in this action, any dispositive motions
      shall be filed within thirty (30) days from the date of this Order.

                                   s/ Thomas I. Vanaskie
                                   Thomas I. Vanaskie
                                   United States District Judge