IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI, :
:
      Plaintiff, : CIVIL NO. 3:CV-06-1833
:
v. :
:
: (JUDGE VANASKIE)
SECRETARY OF NAVY, et al., :
:
      Defendants. :

MEMORANDUM

Background

    Kevin Razzoli filed this pro se civil rights action during his prior confinement in the Lackawanna County Prison, Scranton, Pennsylvania.[1] Remaining Defendants are the Lackawanna County Prison and its Warden, Janine Donate. Presently pending is Remaining Defendants' motion for summary judgment. (Dkt. Entry # 100.)

    By Memorandum and Order dated March 29, 2008, the Federal Defendants named in this matter were either granted dismissal or entry of summary judgment. (Dkt. Entry # 92.) On September 17, 2008, this Court issued a Memorandum and Order which entered summary

---

[1] Razzoli has been released from custody and is presently living in the State of New York. See Razzoli v. United States Parole Commission, 3:CV-08-272. (Dkt. Entry # 33, p. 4.)

judgment in favor of two Defendants, the Scranton Police Department and Scranton Police Officer Dennis Lukasewicz. (Dkt. Entry # 99.)

With respect to the Remaining Defendants, Plaintiff states that during his prior confinement at the Lackawanna County Prison he was housed in a cell which contained a "make shift" bunk bed which lacked a ladder. (Dkt. Entry # 1, p. 14, ¶ 5.) Razzoli indicates that he fell from the top bunk due to the absence of a safety ladder and broke his foot. After his fall, Plaintiff allegedly had to wait "several days" before seeing a doctor and having his foot placed in a cast. (Id.) Razzoli further contends that he was denied access to the prison law library and was not provided with any alternative means to conduct legal research. (Id., p. 6.) Warden Donate thereafter purportedly failed to respond to Plaintiff's grievance regarding those alleged constitutional deprivations.[2] Razzoli seeks declaratory, injunctive and monetary relief.

Discussion

Remaining Defendants contend that they are entitled to entry of summary judgment on the grounds that: (1) the absence of a ladder in Plaintiff's cell at best asserts a claim of negligence which is not actionable under § 1983, and (2) Razzoli has not set forth a viable

---

[2] Plaintiff's complaint also includes a vague remark that the Lackawanna County Prison has "obstructed air vents." (Dkt. Entry # 1, p. 16, ¶ 2.) However, there is no indication that he suffered any injury as a result of the alleged obstructed air vents or that Remaining Defendants were aware that obstructed air vents posed a threat to inmate safety and neglected to take action. Accordingly, Razzoli's averment fails to rise to the level of a viable constitutional claim.

2

deliberate indifference claim because the undisputed record establishes that he was provided with timely and adequate medical care.³ (Dkt. Entry # 101, pp. 4-6.)

Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also, Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).

---

³ The Remaining Defendants' pending motion does not address Plaintiff's claims relating to denial of access to the prison law library and failure of Warden Donate to respond to his administrative grievances. However, since those claims do not set forth viable claims under § 1983, they will not be allowed to proceed. In this regard, where, as here, a plaintiff has been granted leave to proceed in forma pauperis, a district court may "dismiss the case at any time" if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).

Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

_____Ladder

Remaining Defendants do not dispute Plaintiff's contention that he broke a bone in his foot on August 16, 2006 when he fell from the upper bunk in his cell. As previously noted, Plaintiff contends that his fall was due to the absence of a safety ladder on the bunk bed.

4

However, Remaining Defendants claim entitlement to summary judgment on the basis that at most the absence of a safety ladder constituted negligence which precludes recovery under § 1983. (Dkt. Entry # 101, p. 4.)

A plaintiff, in order to state an actionable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). To establish an Eighth Amendment claim, Razzoli must show that the conditions of his confinement pose "a substantial risk of serious harm" to his health or safety. Farmer, 511 U.S. at 834. In reviewing this type of claim, the courts have stressed that the "totality of the circumstances" are critical to a finding of cruel and inhumane treatment. Moreover, the focus must be on the deprivation of a particular basic necessity. As explained in Wilson v. Seiter, 501 U.S. 294, 304-05 (1991):

> Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as 'overall conditions' can rise to the level of cruel and usual punishment when no specific deprivation of a single human need exists.

In addition to showing conditions that pose a risk of serious harm, the inmate must show that the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." Id. at 298. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a known objectively serious risk to a prisoner's health or

safety. See Farmer, 511 U.S. at 837; Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In Beers-Capitol, it was also recognized that a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.

In his complaint, Razzoli does not contend that he had prior difficulty climbing in or out of the top bunk. There is also no claim that he advised Warden Donate either verbally or in writing that he required a ladder to access his top bunk or that he asked to be given a lower bunk bed assignment. The Complaint also does not include any assertion that an institutional policy or procedure initiated or implemented by Warden Donate led to Razzoli's injury. Moreover, Plaintiff generally states only that his physical injury was the result of "gross negligence." (Dkt Entry # 1, p. 2.)

In summary, there is no evidentiary basis which would allow a reasonable fact finder to conclude that Remaining Defendants were aware that the lack of a ladder posed a substantial risk of harm to the Plaintiff and that they thereafter intentionally failed to undertake needed remedial action. Moreover, based upon the nature of Plaintiff's bald allegations concerning the lack of a ladder, it is apparent that he is attempting to establish liability against Warden Donate solely on the basis of her supervisory capacity, which is insufficient under Rode.

Medical Treatment

With respect to Plaintiff's claim that he was not provided with adequate medical care following his August 16, 2006 fall at the Lackawanna County Prison, Remaining Defendants assert that the undisputed record shows that he was given timely and appropriate treatment, thus defeating any claim of deliberate indifference. (Dkt. Entry # 101, p. 6.)

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need

is of the serious nature contemplated by the Eighth Amendment.'" Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

The following undisputed facts are gleaned from Plaintiff's institutional medical records. (See Dkt. Entry # 103-2.) Plaintiff broke a bone in his foot on August 16, 2006. The following day, he was taken to a hospital for an x-ray and a verbal report indicated the presence of a fracture. (Id. at p.12.). Razzoli was placed in the prison's medical unit that same day. An appointment was made for Razzoli to be examined by a board certified orthopedist on August 21, 2006. (Id.) He was examined by the specialist the following day and his foot was placed in

a cast. Thereafter, the inmate received follow-up care including removal of the cast and the placement of his foot in a walking boot.

While there was a delay of a few days between his injury and the placement of his foot in a cast, there is no allegation that either of the non-medical Remaining Defendants ordered or condoned that delay or that it was due to any institutional policy or procedure. Likewise, there is no allegation or indication in the record that any treatment was delayed by the Remaining Defendants for a non-medical reason or that the relatively short delay in putting a cast on the foot aggravated Razzoli's injury. Moreover, it has not even been shown that Warden Donate was given notice of Plaintiff's injury during the period immediately following his fall or had any personal involvement whatsoever with respect to Razzoli's medical care. Based upon an application of the standards announced in Estelle and Durmer to the undisputed record, Plaintiff's general assertion of a delay in receiving proper medical care is insufficient for purposes of establishing constitutional misconduct by either of the Remaining Defendants.

Prison as Defendant

As previously noted, one of the two Remaining Defendants is the Lackawanna County Prison. However, a prison or correctional facility is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997)(Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-

1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). It is thus clear that the Lackawanna County Prison is not a properly named Defendant in this matter.

Access to the Courts

Inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Plaintiff has not presented any averments which could support a finding that Plaintiff suffered any actual injury to any litigation effort as a consequence of his confinement in the Lackawanna County Prison. Since Plaintiff has not satisfied the Lewis requirement of demonstrating frustration of a non-frivolous legal claim, a viable denial of access to the courts claim has not been stated.

Denial of Grievances

Plaintiff's remaining contention is that Warden Donate violated his constitutional rights by refusing to answer his grievances regarding cruel and unusual punishment and denial of access to the courts. See Dkt. Entry #1, p. 15, ¶ 6. Inmates, however, do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor

Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Razzoli's dissatisfaction with the alleged lack of response to his grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Thus, Razzoli's claim that Defendant Donate violated his constitutional rights by not responding to his institutional grievances will be dismissed.

Conclusion

With respect to Plaintiff's claim that the absence of a ladder in his cell was a constitutional violation, there is no evidentiary basis which would permit a reasonable fact finder to conclude that Remaining Defendants acted with deliberate indifference to a known serious risk to Razzoli's safety. Moreover, it is apparent that Plaintiff is attempting to establish liability against Warden Donate solely on the basis of her supervisory capacity, which is precluded under Rode. Summary Judgment will be entered in favor of the Remaining Defendants with

respect to the claims relating to the lack of a ladder and the delay in being provided with medical care.

Although not argued by Remaining Defendants, Plaintiff's surviving claims are subject to <u>sua sponte</u> dismissal. First, the Lackawanna County Prison is not a properly named Defendant. Second, Plaintiff's failure to demonstrate frustration of a non-frivolous legal claim precludes consideration of his denial of access to the courts claim. Finally, Razzoli's claim that Defendant Donate failed to respond to institutional grievances does not rise to the level of a constitutional violation. An appropriate Order will enter.

<u>s/ Thomas I. Vanaskie</u><br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI, :
 :
    Plaintiff, : CIVIL NO. 3:CV-06-1833
 :
v. :
 :
 : (JUDGE VANASKIE)
SECRETARY OF NAVY, et al., :
 :
    Defendants. :

## ORDER

NOW, THEREFORE, THIS 25th DAY OF AUGUST, 2009, In accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Remaining Defendants' motion for summary judgment (Dkt. Entry # 100) is GRANTED with respect to Plaintiff's claims relating to the lack of a ladder in his cell and a delay in receiving medical treatment.

2. Plaintiff's surviving claims against Remaining Defendants are dismissed as meritless.

3. The Clerk of Court is directed to mark this matter CLOSED.

                                    s/ Thomas I. Vanaskie
                                    Thomas I. Vanaskie
                                    United States District Judge